# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LATASHA WILLIAMS

### DEFENDANTS
ROYAL HOME CARE SERVICES, INC.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary Kramer; Murphy Law Group, LLC; Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103; 267-273-1054

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [x] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

Brief description of cause:
FAILURE TO PAY OVERTIME COMPENSATION

## VII. REQUESTED IN COMPLAINT:
[x] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: Jan 8, 2026
SIGNATURE OF ATTORNEY OF RECORD: /s/ Mary Kramer

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 1870 Rampart Lane, Lansdale, PA 19446 _____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply?  Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☒ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☐ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------------------
LATASHA WILLIAMS, *individually an on* :
*behalf of all others similarly situated* :
4424 Wingate Street, Apt C23 :
Philadelphia, PA 19136 : Civil Action No.: _____
:
                Plaintiff, : **JURY TRIAL DEMANDED**
:
   v. :
:
ROYAL HOME CARE SERVICES, INC. :
1870 Rampart Lane :
Lansdale, PA 19446 :
:
                Defendant. :
---------------------------------------------------------------

**COLLECTIVE AND CLASS ACTION COMPLAINT**

      Plaintiff Latasha Williams ("Plaintiff") hereby brings this action against Defendant Royal Home Care Services, Inc. ("Defendant"), and alleges, upon personal belief as to her own acts, and upon information and belief as to the acts of others, as follows:

**NATURE OF THE ACTION**

      1.     Plaintiff brings this complaint contending that Defendant has unlawfully failed to pay her and other similarly-situated individuals in the position of Home Aid (collectively, "Class Plaintiffs"), overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

      2.     Plaintiff is a former employee of Defendant who was employed in the position of Home Aid. Plaintiff and Class Plaintiffs regularly work more than forty (40) hours per week but are/were not properly compensated for their work in that Plaintiff and Class Plaintiffs are/were not

paid an overtime premium at 1.5 times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek and/or were not properly compensated for all compensable travel time. In this regard, Plaintiff contends that Defendant unlawfully failed to pay her and Class Plaintiffs overtime compensation for the hours they worked beyond forty (40) hours in a single workweek, as well as certain compensable travel time in violation of the FLSA and PMWA.

3.   Accordingly, Plaintiff contends that she and Class Plaintiffs are owed unpaid wages and overtime compensation which were denied to her as a result of Defendant's unlawful pay practices.

4.   Plaintiff brings this action as a representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

5.   This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

6.   This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7.   This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

8.   General personal jurisdiction over Defendant exists in the Commonwealth of Pennsylvania as a consequence of its registration to do business in Pennsylvania. See 42 Pa. Cons. Stat. § 5301(a)(2)(i) ("qualification as a foreign corporation" permits Pennsylvania courts to

"exercise general personal jurisdiction" over such entities); Mallory v. Norfolk S. Ry., 600 U.S. 122, 143 S. Ct. 2028, 2038-45 (2023).

9.  The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

10.  Plaintiff Latasha Williams currently resides at 4424 Wingate Street, Apt. C23, Philadelphia, PA 19136.

11.  Upon information and belief, Royal Home Care Services, Inc., is a for-profit corporation, duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a registered office address and principal place of business located at 1870 Rampart Lane, Lansdale, PA 19446.

12.  Upon information and belief, Defendant operates throughout the Commonwealth of Pennsylvania, including this judicial district.

13.  Defendant is a "private employer" and covered by the FLSA.

14.  Plaintiff and Class Plaintiffs are/were employees who have been employed by Defendants during all relevant times hereto and, as such, are employees entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

15.  At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Paragraphs 1 through 15 are hereby incorporated by reference as though the same were fully set forth at length herein.

17. This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

18. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Home Aid, or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who were denied overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek and/or due to Defendant's failure to track and compensate them for all compensable travel time ("Class Plaintiffs").

19. Plaintiff estimates that there are in excess of 200 other similarly situated Home Aids who currently or previously worked for Defendant and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of 40 in a workweek as a result of the unlawful practices describe above. The precise number of employees can easily be ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. Class Plaintiffs may be informed of the pendency of this collective action by direct mail, electronic mail, and/or publication.

20. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly situated. Plaintiff and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendant's denial of overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty (40)

in a workweek, or failure to track and compensate them for all compensable travel time, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully in this Collective Action Complaint, whereby Defendant has failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over 40 hours in a workweek, have impacted Class Plaintiffs in the same fashion.

21. Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

22. Paragraphs 1 through 21 are hereby incorporated by reference as though the same were fully set forth at length herein.

23. Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant during the past three (3) years in the position of Home Aid or in positions with substantially similar job duties who worked for Defendant at any point in the past three (3) years who were denied overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek and/or due to Defendant's failure to track and compensate them for all compensable travel time ("Class Plaintiffs").

24. The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

25. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

    A.    Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of 40 hours per week under the PMWA;

    B.    Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiff and Class Plaintiffs;

    C.    Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiff and the Class;

    D.    Whether Plaintiff and the Class worked in excess of 40 hours per week; and

    E.    Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount; and

26.    Plaintiff's claims are typical of the claims of the Class members. Plaintiff is a former employee of Defendant who was employed in the position of Home Aid who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to properly pay overtime compensation. Defendant's conduct of violating the PMWA has affected Plaintiff and the Class in the same way.

27.    Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

28.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

29.    Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

      A.      The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

      B.      Defendant, by failing to pay overtime compensation when it became due and owing in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

      C.      The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness, and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

30.      A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying

adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL BACKGROUND

31. Paragraphs 1 through 30 are hereby incorporated by reference as though the same were fully set forth at length herein.

32. On or about August 1, 2024, Plaintiff began her employment with Defendant in the position of Home Aid.

33. At all times relevant hereto, Plaintiff and Class Plaintiffs are/were compensated on an hourly basis.

34. Upon information and belief, all Home Aids employed by Defendant are paid on an hourly basis.

35. In the performance of their duties, Plaintiff and Class Plaintiffs routinely worked over 40 hours per workweek.

36. Upon information and belief, Defendant permitted, or was otherwise aware that Plaintiff and Class Plaintiffs are/were routinely working more than 40 hours per workweek.

37. However, regardless of the actual hours per week Plaintiff and Class Plaintiffs worked, they are/were not paid overtime compensation at a rate of 1.5 times their regular rate of pay for all hours worked in excess of 40 per workweek.

38. Defendant assigned Plaintiff and, upon information and belief, Class Plaintiffs clients whom they were scheduled to assist, as well as other tasks they were scheduled to complete.

39. Plaintiff and, upon information and belief, Class Plaintiffs were frequently assigned more than one client at a time and would need to travel between clients throughout the day.

40. Additionally, Plaintiff, and, upon information and belief, Class Plaintiffs, are/were not compensated for the time spent traveling between work locations, nor were they reimbursed for mileage and/or transportation costs.

41. During a typical workweek, Plaintiff and, upon information and belief, Class Plaintiffs, worked approximately 45 to 40 hours of compensable work for Defendant, which includes compensable travel time.

42. However, despite regularly working over 40 hours per week, Plaintiff and Class Plaintiffs do/did not receive overtime compensation for hours worked over 40 in a workweek.

43. For example, starting October 28, 2024, Plaintiff was assigned to work with Client 1[1] Monday through Thursday, 1:00 p.m. to 6:00 p.m. and Fridays 9:00 a.m. to 6:00 p.m.

44. Starting January 15, 2025, Plaintiff was assigned to work with Client 1 Monday and Tuesday, 9:00 a.m. to 6:00 p.m.

45. Starting February 5, 2025, Plaintiff was assigned to work with Client 2 Monday through Friday, 10:00 a.m. to 6:00 p.m. Plaintiff was also scheduled to work alternating weekends, 10: a.m. to 3:00 p.m. on Saturdays and 10:00 a.m. to 5:00 p.m. on Sundays.

46. In August 2024, Plaintiff was assigned to work with Client 3 for 4 days out of the week for 4 hours per day.

47. In March 2025, Plaintiff was assigned to work with Client 4 Monday through Saturday, 9:00 a.m. to 1:00 p.m.

48. Plaintiffs and Class Plaintiffs are/were paid on an hourly basis, and, as such, do not qualify for the exemptions for executive or administrative employees under the FLSA/PMWA.

---

[1] For HIPAA and patient privacy purposes, Defendant's clients will not be named in this complaint.

49. Plaintiffs and Class Plaintiffs do not have the authority to hire, fire, or discipline other employees of Defendant, nor do they make recommendations with respect to employee status changes to which Defendant gave substantial weight.

50. Accordingly, Plaintiffs and Class Plaintiffs do not qualify for the exemption for executive employees under the FLSA/PMWA.

51. Plaintiffs and Class Plaintiffs do not perform non-manual office work directly related to Defendant's management or general business operations, performing as they do manual labor as their principal job activity, nor do they exercise discretion or independent judgment regarding matters of significance to Defendant's management or general business operations.

52. Accordingly, Plaintiffs and Class Plaintiffs are/were not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

53. Finally, there are/were no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiffs and Class Plaintiffs.

54. Plaintiffs and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

55. As a result of Defendant's aforesaid illegal actions, Plaintiffs and Class Plaintiffs have suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201,** *et seq.*
**FAILURE TO PAY OVERTIME COMPENSATION**

56. Paragraphs 1 through 55 are hereby incorporated by reference as though the same were fully set forth at length herein.

57. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

58. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

59. Defendant denied Plaintiffs and Class Plaintiffs overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek and failed to track and compensate them for all compensable travel time.

60. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

61. Defendant's actions are willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

62. Defendant is liable to Plaintiffs and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiffs pray for the following relief on behalf of themselves and Class Plaintiffs:

    A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

    B. An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant at any point during the past three (3) years in the position of Home Aid, and authorizing Plaintiff's

counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

 C. Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

 D. Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

 E. Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

 F. Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

 G. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

 H. Awarding pre- and post-judgment interest and court costs as further allowed by law;

 I. Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

 J. For all additional general and equitable relief to which Plaintiff and Class Plaintiffs may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

63. Paragraphs 1 through 62 are hereby incorporated by reference as though the same were fully set forth at length herein.

64. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

65. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than on and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

66. By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation to Plaintiff and Class Plaintiffs.

67. As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are/were entitled to recovery of such amounts, together with interest, costs and attorneys' fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of herself and the Class Plaintiffs, prays for judgment against Defendant as follows:

    A. An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and her counsel as class counsel;

    B. An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are/were entitled, including interest thereon, and penalties subject to proof;

  C. An award to Plaintiff and Class Plaintiffs of reasonable attorneys' fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

  D. An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

      Respectfully submitted,

      **MURPHY LAW GROUP, LLC**

    By: */s/ Mary Kramer*
      Mary Kramer, Esquire
      Michael Groh, Esquire
      Eight Penn Center, Suite 2000
      1628 John F. Kennedy Blvd.
      Philadelphia, PA 19103
      TEL: 267-273-1054
      FAX: 215-525-0210
      mkramer@phillyemploymentlawyer.com
      mgroh@phillyemploymentlawyer.com
      Attorney for Plaintiff

Dated: January 8, 2026

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claim to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.